IN THE COUNTY COURT IN AND FOR DUVAL COUNTY, FLORIDA

PHILLIP VIAVATTINE

    Plaintiff,

vs.

HOUSEHOLD FINANCE CORPORATION
    Serve On:
    FLORIDA SECRETARY OF STATE
    2661 EXECUTIVE CENTER CIRCLE WEST
    TALLAHASSEE FL 32399 US

and

ASSET ACCEPTANCE, LLC
    Serve On:
    YOLANDA BORNMAN
    2840 S. FALKENBURG ROAD
    RIVERVIEW FL 33569 US

    Defendants.
_____/

CASE NO.

DIVISION:

16- 2010-SC-002983  -XXXX-MA

DIV.T

3:10-cv-1103-J-99mmH-TEM



FILED
OCT 22 2010
CLERK CIRCUIT COURT

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Phillip Viavattine, by his undersigned attorney, hereby sues Household Finance Corporation (Creditor) and Asset Acceptance, LLC (Debt Collector), and for his Complaint states as follows:

1. This is an action for damages not in excess of $5,000.00, exclusive of costs, interests and attorney's fees.

2. Plaintiff is a resident of Florida.

3. Creditor is an entity not qualified to conduct business in Florida

4. Debt Collector is an entity qualified to conduct business in Florida.

### COUNT I – Unlawful Collection Practices by Creditor

5. Mr. Viavattine had an alleged debt to Creditor arising from personal, family or household purposes.

1

NOV 02 2010

#2

6. On April 8, 2009 Mr. Viavattine, through counsel, advised Creditor that Mr. Viavattine was represented by counsel with respect to all accounts owned or serviced by Creditor and requested that Creditor cease all direct contact with Mr. Viavattine. A true and correct copy of the fax confirmation of that communication is attached hereto as Exhibit A.[1]

7. The April 8, 2009 communication to Creditor placed Creditor on notice that (a) Mr. Viavattine was represented by counsel with regard to the alleged debts, and (b) Mr. Viavattine did not wish to be contacted directly again by Creditor.

8. Creditor willfully communicated with Mr. Viavattine by means of a letter dated August 28, 2010 (attached hereto as Exhibit B) even though it knew Mr. Viavattine was represented by counsel.

9. Creditor, by and through its agent, Debt Collector, willfully communicated with Mr. Viavattine by means of a letter dated August 27, 2010 (attached hereto as Exhibit C) even though it knew Mr. Viavattine was represented by counsel.

10. The activities of Creditor constitute illegal collection practices prohibited by the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 (18).

WHEREFORE, Plaintiff, Phillip Viavattine, demands judgment against Defendant, Household Finance Corporation, for actual and statutory damages, together with punitive damages, pre- and post- judgment interest, attorney's fees and costs of suit.

## COUNT II – Unlawful Collection Practices by Debt Collector

11. Mr. Viavattine incorporates the allegations of paragraphs 5 through 10, above.

---

[1] The fax sent to Creditor included a notice of representation which stated "PLEASE TAKE NOTICE that Wendell Finner is my attorney at law who represents me with respect to all my debts and all claims my creditors have against me. I authorize and instruct him to discuss any of my accounts with my creditors and their affiliates, agents, employees, designees or assigns. I authorize and instruct my creditors to disclose such information to Mr. Finner as he may request, and to direct all communications to him as my attorney." The notice was signed by Mr. Viavattine and contained his social security number to assist recipients in identifying affected accounts. Due to the inclusion of Mr. Viavattine social security number, the Notice of Representation is not filed herewith.

12. Debt Collector is party to an agreement with Creditor, date unknown (the "Master Collection Agreement") whereby it, as a matter of policy, practice and procedure, is required to receive notice when a consumer referred for collection by Creditor is represented by counsel.

13. Pursuant to the Master Collection Agreement, Debt Collector had actual knowledge that Mr. Viavattine was represented by counsel no later than August 26, 2010.

14. Despite this contractually-required notice, Debt Collector does not specifically inquire of Creditor whether a consumer is represented by an attorney or provide for placement of that information in its data processing system before communicating with that consumer in attempt to collect a debt.

15. Rather, Debt Collector and Creditor, by express or implied agreement, attempt to keep Debt Collector from acting upon the knowledge that a consumer is represented in order to maximize illegal collections.

16. Debt Collector willfully communicated with Mr. Viavattine by sending Ms. Vanderbilt the August 27, 2010 letter.

17. The communication from Debt Collector to Mr. Viavattine constitutes illegal collection practices under the Florida Consumer Collection Practices Act, Fla. Stat.§ 559.72 (18), and the Fair Debt Collection Practices Act, 15 U.S.C.§1692c.

WHEREFORE, Plaintiff, Phillip Viavattine, demands judgment against Defendant, Asset Acceptance, LLC for actual and statutory damages, together with punitive damages, pre- and post-judgment interest, attorney's fees and costs of suit.

## COUNT III – Injunctive Relief

18. Mr. Viavattine incorporates by reference paragraphs 5 through 17 of this Complaint.

19. Mr. Viavattine will be irreparably damaged should Creditor and Debt Collector continue their illegal and harassing communications to Mr. Viavattine.

WHEREFORE, Plaintiff, Phillip Viavattine, demands judgment against Defendants, Household Finance Corporation and Asset Acceptance, LLC permanently enjoining them, their officers, directors, agents, attorneys and employees, and anyone acting in concert with them, from contacting Mr. Viavattine or any other person in connection with the alleged debt, and awarding Mr. Viavattine punitive damages, pre- and post-judgment interest, attorney's fees and costs of suit.

/s/ Ryan Moore
WENDELL FINNER, Florida Bar No. 0093882
RYAN G. MOORE, Florida Bar No. 0070038
340 Third Avenue South, Suite A
Jacksonville Beach, Florida 32250-6767
(904) 242-7070
*Attorneys for Plaintiff*